IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ISMAEL R. CORDOVA,**

    Plaintiff,

vs.                                                                             No. 13cv150 MCA/RHS

**SIXTH JUDICIAL DISTRICT COURT,
COUNTY OF GRANT, JUDGE H.R. QUINTERO;
GUADALUPE CORRECTIONAL FACILITY;
THIRD JUDICIAL DISTRICT COURT, COUNTY OF
DONA ANA, JUDGE STEPHEN BRIDGFORTH,**

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

**THIS MATTER** comes before the Court on pro se Plaintiff Ismael R. Cordova's *Application to Proceed In Forma Pauperis* ("IFP"), filed February 14, 2013 [Doc. 2], and on the Court's concomitant obligation to "screen [his] case under 28 U.S.C. §§ 1915(a) and (e)," *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).  The Court must dismiss the action "at any time if the court determines that" the plaintiff is, in fact, able to pay the filing fees and his "allegation of poverty is untrue," § 1915(e)(2)(A), or if the complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii).  *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).  Although it appears that Cordova may be indigent[1], *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), as discussed below, the Court must deny his request to proceed ifp and dismiss his complaint for failure to state a cognizable claim for relief.

---

[1] Cordova indicates that he has no expenses for rent, utilities, or food, and that he received SSI benefits that were discontinued while he was incarcerated in 2010.  *See* Doc. 2 at 2-3.  His financial affidavit is ambiguous regarding how much money he now receives in benefits and/or foodstamps, and in the future he must be specific about that information.

**I.     APPLICABLE LEGAL STANDARDS**

The Tenth Circuit Court of Appeals has set forth the following standards that district courts should apply in resolving a motion to dismiss brought under rule 12(b)(6) of the Federal Rules of Civil Procedure.

> *Bell Atlantic Corp. v. Twombly* [] reject[ed] the "no set of facts" language of *Conley* [ *v. Gibson*, 355 U.S. 41, 45-46 (1957),] and announc[ed] a new (or clarified) standard: to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." --- U.S. ----, ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:
>
>> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S. Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

The Court applies this same standard in its review under § 1915(e)(2) to determine whether Cordova has stated a cognizable federal claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Court will accept as true Cordova's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to him. *See id.* But the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

The courts take a two-step approach in determining whether a complaint states a claim upon which relief may be granted. First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth" and disregards them. *Ashcroft v. Iqbal*, 556 U.S.662, 680

(2009). Then it only "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681; *see id.* at 686 (rejecting the plaintiff's argument that he sufficiently stated a claim for relief by generally alleging that the defendants "discriminated against him 'on account of [his] religion, race, and/or national origin and for no legitimate penological interest,'" and stating, "[w]ere we required to accept this allegation as true, respondent's complaint would survive petitioners' motion to dismiss. But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.") (citations omitted).

In determining whether Cordova's Complaint should be dismissed for failure to state a claim, the Court may consider "documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and matters of which a court may take judicial notice." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal quotation marks omitted).

The Court may sua sponte dismiss a claim based on the affirmative defense of the statute of limitations "when the defense is obvious from the face of the complaint and no further factual record is required to be developed," *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir.1995) (brackets and internal quotation marks omitted), if "it is clear from the face of the complaint that there are no meritorious tolling issues," *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009).

## II.    ALLEGATIONS IN THE COMPLAINT.

Cordova's Complaint is difficult to understand, but it appears that he is attempting to sue two state-court judges and the Guadalupe County Correctional Facility for false imprisonment and malicious prosecution under 42 U.S.C. § 1983. *See* Compl. at 1-3. He alleges that a sentence he

was serving became "illegal" because the Corrections Department at "the Los Lunas facility" asked a judge to amend his sentence, "making my stay longer." *Id.* He states that his problems go back to 1995, when he "served a false imprisonment sentence on an escape from jail charge which was suspended." *Id.* He alleges that an unidentified "law officer made filed [sic] false documents, knowingly knew a statement to be untrue," in violation of state perjury laws. *Id.* at 3. He also mentions incarceration in a 2002 criminal case that was reportedly mistakenly listed as "still active" even though that case was closed in 2003 and he was discharged. *Id.* Cordova mentions that he called his public defender in 2004 about that problem; that the attorney told him to show the correctional facility his discharge papers, but that the corrections department then illegally amended his 2004 sentence. *See id.* at 3-4. Cordova states that he sued Judge Quintero in 2004 in state court for false imprisonment and malicious prosecution, but that it was dismissed in 2005. *See id.* at 4-5. The documents from that suit that are attached to his Complaint show that he also sued Judge Bridgforth and the Guadalupe Correctional Facility in that suit. *See* Doc. 1-1 at 8.

Cordova filed two state petitions for habeas corpus in 2004, which also were dismissed in May 2005 and January 2006 because he had pleaded guilty to the criminal charges and had already been released from prison. *See* Compl. at 5; Doc. 1-1 at 25-28. Cordova seeks monetary damages for "backpay" and mental suffering; to "clear Plaintiff of all debts;" to "clear personal record as well as D.M.V. record;" and to "expunge all case records;" plus punitive damages. *Id.* Cordova has attached fifty pages of documents from his criminal, habeas, and tort-claim cases.

### III.     THE JUDGES ARE ABSOLUTELY IMMUNE FROM SUIT.

Judge Quintero and Judge Bridgforth are entitled to absolute judicial immunity from suit under § 1983 because all of their allegedly erroneous actions were judicial in nature, and no facts

give rise to the limited exception permitting suit against them for declaratory relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) ("[A] state judge is absolutely immune from § 1983 liability except when the judge acts in the clear absence of all jurisdiction.") (quotation marks omitted); *Lawrence v. Kuenhold*, No. 06-1397, 271 Fed. App'x 763, 766 n.6, 2008 WL 822458, *3 n.6 (10th Cir. Mar 27, 2008) ("[T]he doctrine of judicial immunity now extends to suits against judges where a plaintiff seeks not only monetary relief, but injunctive relief as well.").

## IV.   CORDOVA HAS FAILED TO STATE A COGNIZABLE CLAIM AGAINST THE GUADALUPE CORRECTIONAL FACILITY.

Claims brought under 42 U.S.C. § 1983 are subject to a three-year statute of limitations. *See Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Thus, Cordova's claims, if any, against the correctional facility for false imprisonment based on inaccurate record keeping that resulted in the alleged wrongful amending of his sentence accrued when Cordova knew or had reason to know that his constitutional rights had been violated. *See Smith v. City Of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998). Cordova states that he knew that his sentence was allegedly illegally extended in 2004, and he based two habeas petitions and a prior lawsuit against the judges and correctional facility on that alleged knowledge. Therefore, the statute of limitations on a § 1983 claim for false imprisonment ran in 2007.

Insofar as the Court could construe his claim as one based on malicious prosecution, the claim still fails. An individual suing under § 1983 for malicious prosecution must show that:

(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the

>original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.

*Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).  Cordova has not shown that his DWI or parole-violation charges terminated in his favor, even though he argued in the state courts that he was being forced to serve an illegal sentence on those convictions.  The Tenth Circuit has held that a due-process

>claim for malicious prosecution arises only once "the original action," whatever form it has taken, has been terminated in favor of the plaintiff.  Because the statute of limitations does not start running before the elements of a claim are satisfied, the statute of limitations for this due process claim cannot start until the plaintiff has achieved a favorable result in the original action.

*Mondragon*, 519 F.3d at 1083 (internal quotation marks and citation omitted).  Cordova's claim for malicious prosecution will not begin to accrue until he establishes either on direct appeal or in habeas proceedings that his 2004 sentence was illegal – and it is far too late to do that.  Therefore, he cannot state a viable claim for malicious prosecution.

**IT IS ORDERED** that Cordova's application to proceed IFP [Doc. 2] is DENIED and his Complaint is DISMISSED without prejudice under § 1915(e)(2).

**SO ORDERED** this 9th day of April, 2013, in Albuquerque, New Mexico.

*(signature)*

**M. CHRISTINA ARMIJO**
CHIEF UNITED STATES DISTRICT JUDGE